IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY CONWAY, #N83890,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-01393-SMY |
| ) | |
| **LIEUTENANT PEARCE,** ) | |
| **C/O ESTES,** ) | |
| **C/O WALLA,** ) | |
| **C/O MERACLE,** ) | |
| **HEALTH CARE ADMINISTRATOR** ) | |
| **JOHN DOE, and** ) | |
| **KIMBERLY RICHARDSON,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Gregory Conway, an inmate who is currently incarcerated at Pinckneyville Correctional Center, brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1). Because Plaintiff brought claims against officials at both Western Illinois Correctional Center and Pinckneyville Correctional Center under the First, Eighth and Fourteenth Amendments, Plaintiff's case was severed into multiple actions in this Court's Order (Doc. 11) dated February 2, 2017 ("Severance Order").

In the Severance Order, Plaintiff was granted leave to amend his Complaint in this action by March 2, 2017. *Id.* The deadline for submitting the amended complaint has since passed. *Id.* Remaining in this action are failure to protect and retaliation claims against Pearce, Estes, Walla, and Meracle and deliberate indifference claims against Health Care Administrator John Doe and Richardson. Plaintiff requests monetary compensation and declaratory relief. (Doc. 1, pp. 30-35).

1

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this action to proceed past the threshold stage.

### The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations related to the remaining Counts in this action. On July 14, 2015, Plaintiff was attacked, punched in the head and face and stabbed in the neck, chest, back, arm and leg by his mentally unstable cellmate.

(Doc. 1, p. 18). Prior to the attack, Plaintiff told Defendant Estes that his cellmate "was constantly threatening to kill" him. (Doc. 1, pp. 16-17, 23). On the day of the attack, he told Estes that his cellmate had brandished an object that looked like a knife and told Plaintiff he planned to kill him that day. *Id*. Estes mocked Plaintiff, stating "[t]he Trouble-Maker needs help, write a grievance." (Doc. 1, pp. 17-18).

Plaintiff also told Defendant Pearce about his cellmate's threats and weapon. Before walking away, Pearce stated: "The big bad trouble-maker is not worried about this little crazy guy is [*sic*] you? You should've thought about that before you started slinging all that ink all over those grievances." (Doc. 1, p. 19).

Plaintiff also alleges that he repeatedly told Defendants Walla and Meracle that his cellmate was suffering from mental illness and "was constantly threatening to kill the Plaintiff." (Doc. 1, p. 21). In response, Walla would typically say something akin to "we don't help trouble-makers." *Id.* Similarly, Meracle would call him a trouble-maker and "make an obscene comment then walk away." (Doc. 1, p. 22). Plaintiff claims these actions by Estes, Pearce, Walla and Meracle were taken in retaliation for Plaintiff having previously complained and filed grievances and demonstrated deliberate indifference to Plaintiff's personal health and safety. (Doc. 1, pp. 18-23).

Plaintiff was seen by Richardson after he was attacked and given some ointment for his stab wounds. (Doc. 1, pp. 23-24, 25-26). According to the Complaint, Richardson "tried to render medical services she [wa]s unqualified to give" and "never followed the procedures required for the Plaintiff to receive the correct examination and treatment." (Doc. 1, pp. 25-26). Plaintiff maintains that this constitutes deliberate indifference. *Id.*

Plaintiff was also informed by Richardson that he would be called the next day to see a

doctor. (Doc. 1, p. 26). Despite his swollen face, blackened and bruised eyes, swollen lip, severe migraine, body soreness, dizzy spells, "mental and physical trauma" and "constantly bleeding" stab wound, Plaintiff was not seen by a doctor as promised. (Doc. 1, pp. 24, 26). Plaintiff submitted request slips to see a doctor for 11 days straight after the attack and was denied all treatment. *Id.*

Plaintiff asserts that Health Care Administrator John Doe exhibits deliberate indifference to prisoners' serious medical needs by allowing "systemic deficiencies in staffing or procedures" to make "unnecessary suffering happen." (Doc. 1, p. 25). He further alleges that under Health Care Administrator John Doe, "prisoners are unable to make their medical problems known to medical staff" and that "[d]isorganization and dysfunction in a medical program can amount to deliberate indifference if it prevents prisoners from receiving necessary care." *Id.* Plaintiff suggests that this disorder and dysfunction are in part, the reason he failed to receive treatment despite his serious injuries.

## Discussion

In the Severance Order, the Court identified four counts from Plaintiff's *pro se* Complaint that remained in this action:

> **Count 7:** Eighth Amendment failure to protect claim against Estes, Pearce, Walla, and Meracle for failing to protect Plaintiff from an attack by his cellmate on July 14, 2015 after Plaintiff told them that his cellmate had threatened his life and brandished a knife-like weapon at him;
>
> **Count 8:** First Amendment retaliation claim against Estes, Pearce, Walla, and Meracle for failing to protect Plaintiff from his cellmate because he reported a sexual assault at Western Illinois and filed grievances;
>
> **Count 9:** Eighth Amendment deliberate indifference to medical needs claim against Richardson for attempting to render medical services she was unqualified to provide and failing to follow proper

4

>    examination procedures following Plaintiff's attack by his cellmate on July 14, 2015;
>
> **Count 10:**   Eighth Amendment deliberate indifference to medical needs claim against Health Care Administrator John Doe for allowing disorganization and dysfunction in the medical program at Pinckneyville that resulted in Plaintiff's denial of medical care by a doctor for the serious injuries he sustained during the cellmate attack on July 14, 2015;

Any claims not addressed herein should be considered dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 7 – Failure to Protect

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834.

In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, the defendants had to know that there was a substantial risk that the person who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

5

Plaintiff has sufficiently stated a failure to protect claim against Estes, Pearce, Walla and Meracle.  Plaintiff told these defendants that his cellmate had threatened his life and brandished a knife-like weapon at him.  The defendants failed to respond to protect Plaintiff from harm, and, according to the Complaint, Plaintiff was attacked by his cellmate and suffered severe injuries that could have been prevented by the defendants.  Count 7 will therefore be allowed to proceed.

## Count 8 – Retaliation

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

Plaintiff has alleged that Estes, Pearce, Walla and Meracle failed to protect him from an attack by his cellmate in retaliation for his filing grievances.  Whether this is true is a question that cannot be resolved at the pleading stage.  Thus, the Court will allow Plaintiff's retaliation claim to proceed.

## Count 9 – Deliberate Indifference by Richardson

"Deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  This encompasses a broader range of conduct than intentional denial of necessary

6

medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

Claims asserting deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended

7

the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Given the extensive nature of the wounds Plaintiff alleges he sustained, this Court considers Plaintiff's injuries to be objectively serious. Further, at this juncture, Plaintiff has satisfied the subjective prong of the analysis, given his claim that the only treatment he received for these injuries was ointment from Richardson. Additionally, Richardson allegedly failed to ensure Plaintiff received more thorough treatment later, though she promised he would receive a follow-up visit from a doctor. Plaintiff's deliberate indifference claim against Richardson therefore satisfies both the objective and subjective requirements of the deliberate indifference to medical needs analysis and Count 9 will be allowed to proceed.

### Count 10 – Deliberate Indifference by Health Care Administrator John Doe

Finally, Plaintiff alleges that Health Care Administrator John Doe may be held liable for deliberate indifference to Plaintiff's medical needs due to the fact that he has allowed disorder and dysfunction, including systemic staffing and procedural deficiencies, to interfere with the appropriate and timely treatment of prisoners' injuries and ailments, including his own. (Doc. 1, p. 25). Notably, § 1983 creates a cause of action based on personal liability and predicated upon fault. Liability does not lie unless the individual defendant caused or participated in the constitutional deprivation. *See Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012); *Vinning–El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2012). Plaintiff's allegations, read liberally, connect the policies and practices allegedly implemented and maintained by Health Care Administrator John Doe with Plaintiff's failure to receive appropriate care after he was attacked. Therefore, Plaintiff's claims in Count 10 will also proceed.

### Pending Motions

Plaintiff has filed a Motion to Amend his Complaint (Doc. 12) that is, in effect, a motion to substitute the unidentified defendant Health Care Administrator John Doe for Christine Brown.  The motion is **GRANTED**.  The Clerk is **DIRECTED** to substitute **CHRISTINE BROWN** for defendant **HEALTH CARE ADMINISTRATOR JOHN DOE** in this case.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 7** shall **PROCEED** against **ESTES**, **PEARCE**, **WALLA** and **MERACLE**.

**IT IS FURTHER ORDERED** that **COUNT 8** shall **PROCEED** against **ESTES**, **PEARCE**, **WALLA** and **MERACLE**.

**IT IS FURTHER ORDERED** that **COUNT 9** shall **PROCEED** against **RICHARDSON**.

**IT IS FURTHER ORDERED** that **COUNT 10** shall **PROCEED** against **BROWN** (substituted for Health Care Administrator John Doe).

**IT IS FURTHER ORDERED** that as to **COUNTS 7** through **10**, the Clerk of Court shall prepare for **ESTES, PEARCE, WALLA, MERACLE, RICHARDSON** and **BROWN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 28, 2017**

s/ STACI M. YANDLE
United States District Judge
